SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634
R. THOMAS COLONNA
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.Colonna@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ALICIA UTTER,

        Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

        Defendant.

Case No. 3:23-cv-00441-MMD-CLB

**Order Granting Stipulation and Order to Bifurcate Trial**

      Plaintiff, Alicia Utter, by and through her attorney of record, John B. Greene, Esq. of the law firm Golightly & Vannah, PLLC, and Defendant, United States of America, by and through Assistant United States Attorney R. Thomas Colonna, hereby stipulate to bifurcate the trial in this case, pursuant to Fed. R. Civ. P. 42(b), into two phases — liability and damages. This Stipulation is based upon the following:

      1.    **Brief Factual Summary of Case and Underlying Incident:** This case involves a negligence action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, arising out of an August 9, 2021 motor vehicle accident. Plaintiff Alicia Utter ("Plaintiff") alleges Amor Cabral, an employee of the United States Postal Service, operating a 1988 white Grumman Allied mail delivery vehicle "failed to use due care, began backing the mail delivery vehicle without observing his surroundings, including Plaintiff's vehicle occupied by Plaintiff, and caused Defendant's mail delivery vehicle to

collide with Plaintiff, which then caused Plaintiff's vehicle to slide three feet across the pavement" causing property damage to Plaintiff's vehicle (the "Incident") and injuries to the Plaintiff (ECF No. 1 at ¶¶ 11 – 13, 15). Plaintiff seeks money damages for the Incident (ECF No. 1 at Demand for Judgment). Defendant denies and contests: (1) the Incident itself; (2) liability; and (3) all allegations associated to the Incident and liability (ECF No. 9).

      **2.**    **Authority to Bifurcate:** Fed. R. Civ. P. 42(b) permits bifurcation of trial "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts accordingly may order a separate trial of one or more issues, claims, crossclaims, counterclaims, or third-party claims. *Id.* For example, "[i]t is clear that Rule 42(b) gives courts the authority to separate trials into liability and damage phases." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (quoting *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993)). The decision to bifurcate is within the court's discretion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

      **3.**    **Justification to Bifurcate:** A finding of liability against Plaintiff could resolve the entire case without any need to address damages. *Cook v. United Serv. Auto. Ass'n.*, 169 F.R.D. 359, 361 (D. Nev. 1996) (explaining that bifurcation is particularly appropriate "when resolution of a single claim or issue could be dispositive of the entire case" (citing 9 Wright & Miller, Federal Practice and Procedure: Civil 2d, § 2388, p. 476 (1994))). Bifurcation could therefore save the parties significant funds in calling experts on damages and medical treatment, while creating the potential for resolution through a shorter trial process. As most of the evidence on damages do not appear essential to establishing what happened before and during the Incident, it is unlikely that there will be duplicative presentation of evidence if bifurcation occurred. Further, evidence on the extent of Plaintiff's claimed injuries is not essential to proving liability with her negligence claim. Finally, bifurcation avoids potentially unnecessary costs while effectively and efficiently resolving factual and legal issues.

*///*

4.     **Terms of Bifurcation:**

a.     Trial is currently set on Tuesday, April 8, 2025 at 9:00 a.m. ECF No. 25.

b.     The parties request that trial be bifurcated into two phases — liability and damages.

c.     The parties anticipate that liability determination will be completed in one day.

Respectfully submitted this 12th day of February 2025.

GOLIGHTLY & VANNAH, PLLC

SUE FAHAMI
Acting United States Attorney

*/s/ John B. Greene*
JOHN B. GREENE, ESQ.
Nevada Bar No. 4279
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
*Attorneys for Plaintiff*

*/s/ R. Thomas Colonna*
R. THOMAS COLONNA
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite1100
Las Vegas, Nevada 89101
*Attorneys for United States*

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED:  February 13, 2025

3